```
RICHARD P. HERMAN, SBN: 53743
LAW OFFICE OF RICHARD P. HERMAN
5001 Birch St.
Newport Beach, CA 92660
Telephone: 714-547-8512
Facsimile: 714 547-6975
Email: rherman@richardphermanlaw.com
```

Attorney for Plaintiffs, Lesley Feliz, on behalf of the Estate of Stephen Jeffrey Clevenger and as Guardian Ad Litem for L.P.F, a minor.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lesley Feliz, on behalf of the Estate of Stephen Jeffrey Clevenger and as Guardian Ad Litem for L.P.F, a minor.<br><br>Plaintiffs<br><br>vs.<br>THE COUNTY OF ORANGE, a Governmental Entity, SANDRA HUTCHENS, Orange County Sheriff, Individually and in her Official Capacity, and DOES 1-10.<br><br>Defendants. | Case: SACV10-1664 CJC(MLGx)<br><br>COMPLAINT FOR DAMAGES<br><br>1. Civil Rights Violations [42 U.S. C. § 1983]<br><br>2. Wrongful Death<br><br>**JURY DEMAND** |

### JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

2. Venue is proper in this Central District of California under 28 U.S.C. § 1391(a) and (b). The death occurred in the County of Orange.

## PARTIES

3. Plaintiff LESLEY FELIZ is the successor in interest to decedent STEPHEN JEFFREY CLEVENGER, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure ("Estate").

4. Plaintiff L.P.F is a minor, the surviving child of decedent STEPHEN JEFFREY CLEVENGER, she is a resident of Orange County, California. Plaintiff is a minor child and brings this action through her Guardian Ad Litem, LESLEY FELIZ.

5. Defendant COUNTY OF ORANGE (hereinafter "County") is and at all times mentioned herein was, a political subdivision of the United States, organized and existing under the laws of the State of California. Defendant Sandra Hutchens is the Orange County Sheriff, sued individually and in her official capacity.

6. A timely claim for damages was filed on behalf of the Plaintiffs with the County of Orange in substantial compliance with Cal. Government Code §910, et seq. As of the date of this filing this Complaint, said claim has been denied by operation of law.

7. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to them.

1  Plaintiffs are informed, believe, and thereon allege
2  that these DOE Defendants are legally responsible and
3  liable for the incident, injuries and damages hereinafter
4  set forth, and that each of said Defendants proximately
5  caused the injuries and damages by reason of negligent,
6  careless, deliberately indifferent, intentional willful or
7  wanton misconduct, including the negligent, careless,
8  deliberately indifferent, intentional, willful or wanton
9  misconduct in creating and otherwise causing the incidents,
10 and conditions and circumstances hereinafter set forth, or
11 by reason of direct or imputed negligence or vicarious
12 fault or breach of duty arising out of the matters herein
13 alleged.
14 Plaintiffs will seek leave to amend this complaint to
15 set forth said true names and identities of the unknown
16 named DOE Defendants when they are ascertained.
17 8.  Each of the individual Defendants sued herein is
18 sued both in his individual and personal capacity, as well
19 as in his official capacity.
20 9.  Plaintiffs are informed, and believe, and thereon
21 allege that, at all times herein mentioned, each of the
22 Defendants was the agent and/or employee and/or co-
23 conspirator of each of the remaining Defendants, and in
24 doing the things hereinafter alleged, was acting within the
25 scope of such agency, employment and/or conspiracy and with
26 the permission and consent of the other co-defendants.
27
28 **FACTS COMMON TO ALL CAUSES OF ACTION**

10.  This Complaint concerns the death of STEPHEN JEFFREY CLEVENGER in the Orange County Jail. On August 29, 2010. The decedent STEPHEN JEFFREY CLEVENGER was taken to the Orange County Jail in a depressed state and subsequently committed suicide due to the lack of care supervision, negligence, and deliberate indifference of the Defendant and the Defendants employees.

## FOR THE FIRST CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Violations of Civil Rights [42 U.S.C. §1983])**

11.  Plaintiffs restate and incorporate by reference the forgoing paragraphs of this complaint as if set forth in full at this point.

14.  This cause of action is brought on behalf of STEPHEN JEFFREY CLEVENGER, by and through his Successor in Interest, LESLEY FELIZ, who would, but for his death, be entitled to bring this cause of action, and set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to STEPHEN JEFFREY CLEVENGER, by the Fourth and Fourteenth Amendment of the United States Constitution.

15.  This cause of action in addition is brought on behalf of L.P.F, a minor, by and through her Guardian Ad Litem, LESLEY FELIZ, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulations, policy, custom, practice or usage of right, privilege, and

immunity secured to L.P.F by the Fourteenth Amendment to the United States Constitution.

16.     At all times mentioned herein, the Defendants County of Orange and Sheriff Sandra Hutchens employed the other individual Defendants herein, including DOE 1-5. Said Defendant County of Orange provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the County.

17.     During all times herein, the individual Defendants, including DOE Defendants 1-5, and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the County. Each of the individual Defendants here, separately and in concert, deprived all Plaintiffs of the rights, privileges and immunities secured to them by the Fourteenth Amendment and also to Plaintiff "Estate" the Fourth Amendment to the United States Constitution and by the laws of the United States.

18.     Plaintiffs are informed, believe, and therefore allege, that on or about August 29, 2010, heretofore unknown Defendant Officer(s), including DOES 1-5, and Defendant Sheriff Sandra Hutchens of the Orange County Sheriffs Department, acted with deliberate indifference to decedent STEPHEN JEFFREY CLEVENGER constitutional right to life. By causing the death of STEPHEN JEFFREY CLEVENGER, these actions additionally violated Plaintiffs Fourteenth

Amendment rights to substantive due process, privacy, as well as their rights to associate with their family member, their right to enjoy the care, companionship, family relationship, and society of their family, and their right to be free from arbitrary and unreasonable government intrusions into their family unit; Defendants, and each of them, intruded upon their family unit with deliberate indifference and in a manner that shocks the conscience, when they failed to preserve the life of the decedent STEPHEN JEFFREY CLEVENGER.

19. The above constitutional violations were proximately caused by the County of Orange and Sheriff Sandra Hutchens deliberate indifference to the maintenance, training, and control of the Orange County Sheriff's Department; and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendant County of Orange, and the Orange County Sheriffs Department, including but not limited to, inadequately training and supervising officers with respect to care, and safety of prisoners.

20. Plaintiffs are informed and believe, and thereupon allege, that the County of Orange and the Orange County Sheriff's Department hired, trained, supervised, employed and/or managed the individual Defendant officers, with conscious disregard of and deliberate indifference to the constitutional rights of third parties, and to the safety of decedent STEPHEN JEFFREY CLEVENGER in particular although they noted that decedent was depressed they failed to

observe him, they failed to treat him, they failed to take well known obvious steps to prevent him from harming himself or from coming to harm at the hands of others with deliberate indifference to his safety.

21. As set forth in the foregoing paragraphs of this Complaint, the death of STEPHEN JEFFREY CLEVENGER was preventable, but the County of Orange, Sheriff Sandra Hutchens, and the Orange County Sheriff's Department hired, trained, supervised, employed and/or managed the individual Defendant officers, with conscious disregard of and deliberate indifference to the constitutional rights of third parties, and to the safety of decedent STEPHEN JEFFREY CLEVENGER in particular although they noted that decedent was depressed they failed to observe him, they failed to treat him, they failed to take well known obvious steps to prevent him from harming himself or from coming to harm at the hands of others with deliberate indifference to his safety.

22. Plaintiffs are informed and believe and thereupon allege that despite the fact that the County of Orange and Sheriff Sandra Hutchens knew or should have known of the facts that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the County of Orange and Sheriff Sandra Hutchens has taken no steps or efforts to prevent this course or conduct, nor to make redress to these Plaintiffs, and has failed to take any disciplinary actions whatsoever against any of its employees

1  or agents.

2     23.  The above acts of omission of the Defendants were
3  undertaken while under color of state law and resulted in
4  the violation of all Plaintiffs' constitutional rights, as
5  stated herein. Likewise, the customs, practices, policies,
6  and decisions of the County of Orange alleged herein and as
7  applied to decedent STEPHEN JEFFREY CLEVENGER, resulted in
8  violation of all Plaintiffs' constitutional rights.

9     24.  STEPHEN JEFFREY CLEVENGER had the right to life
10 while in custody, including reasonable treatment and care.
11 These rights and privileges are secured to STEPHEN JEFFREY
12 CLEVENGER by the provisions of the Fourth Amendment to the
13 United States Constitution, and by the 42 U.S.C. § 1983. All
14 of these interests were implicated by the wrongful conduct
15 of the Defendants which proximately caused the death of
16 STEPHEN JEFFREY CLEVENGER.

17    25.  All Plaintiffs also had a Fourteenth Amendment
18 right to substantive due process, privacy, as well as a
19 fundamental right to associate with their family member, and
20 a right to enjoy the care, companionship, familial
21 relationship, and society of their family member, and a
22 right to be free from arbitrary and unreasonable government
23 intrusions into their family unit. All of these rights and
24 privileges are secured to all Plaintiffs by the provisions
25 of the Fourteenth Amendment to the United States
26 Constitution, and by the 42 U.S.C. § 1983. All of these
27 interest were implicated by the wrongful conduct of the
28 Defendants which proximately caused STEPHEN JEFFREY

CLEVENGER death.

26. Each of the individual Defendants, including Sheriff Sandra Hutchens and the County of Orange DOE Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs and Plaintiffs' decedent of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiffs to punitive damages against the individual defendants, in an amount to be proven at the trial of this matter.

27. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiffs and Plaintiffs' decedent have suffered great mental and physical plain suffering anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, Plaintiffs have been forced to incur substantial amounts of attorneys' fees and other expenses in the prosecution of the above articulated constitutional violations.

28. As a further result of these acts, Plaintiff "Estate" has lost past and future earnings and wages and the

1 Plaintiff child has suffered the loss of the support and
2 services of decedent in amounts to be determined according
3 to proof at trial.
4     29.   Plaintiffs are entitled to and hereby demand
5 costs, attorney fees and expenses pursuant to 42 U.S.C. §
6 1988.

## FOR THE SECOND CAUSE OF ACTION

### (Wrongful Death)

9     30.   Plaintiffs restate and incorporate by reference
10 all the forgoing paragraphs of this Complaint as if set
11 forth in full at this point.
12     31.   On August 29, 2010, heretofore unknown Defendant
13 DOE officer(s), including Defendant DOES 1-5, while acting
14 in the course and scope of their employment with the County
15 of Orange and the Orange County Sheriff's Department
16 negligently failed to observe, treat, protect, and care for
17 decedent STEPHEN JEFFREY CLEVENGER while in their custody so
18 that he died from other than natural causes due to the
19 negligence and deliberate indifference of Defendants.
20     32.   Plaintiffs are informed and believe and thereupon
21 allege that Defendants, and each of them, failed to exercise
22 reasonable and ordinary care in coming the acts alleged
23 herein, by actions and inactions which include, but are not
24 limited to, negligence and deliberate indifference, failure
25 to protect the decedent while in custody, failure to render
26 timely medical aid, failure to have provided psychiatric
27 assistance, failure to properly classify the decedent,
28 failure to observe the decedent, failure to notice that the

decedent was left behind in her cell all by herself unobserved, failure to make proper checks of the cells, failure to make effective psychological screening, failure to do effective suicide profile screening, failure to house the decedent in an appropriate facility. All of these negligent acts proximately caused the death of STEPHEN JEFFREY CLEVENGER, as described herein.

33. As a proximate result of all of the above mentioned conduct Defendant, and each of them, STEPHEN JEFFREY CLEVENGER committed suicide on August 29, 2010.

34. As a proximate result of the death of the decedent and the above-described conduct of Defendants, and each of them, Plaintiffs have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, solace, advise, training, guidance, and services of decedent (and as to Plaintiff children support) in an amount according to proof at trial.

35. As a proximate result of the death of the decedent and the above-described conduct of Defendants, and each of them, Plaintiff's "Estate" has lost past and future wages arising out of the death of decedent, and the loss of earnings capacity of the decedent in an amount according to proof at trial.

### JURY DEMAND

Plaintiffs hereby demand that a jury be empaneled for the trial of this matter.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For costs of the suit incurred herein;
3. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;
4. For attorneys' fees and expert witness fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: October 27, 2010          Respectfully submitted,

By: _____
RICHARD P. HERMAN
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand that this matter be tried before a jury.

DATED: October 27, 2010          Respectfully submitted,

By: _____
RICHARD P. HERMAN
Attorney for Plaintiffs